IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN FILM & PRINTING, LTD., | § | |
| Plaintiff, | § § § | |
| v. | § | No. 3:15-CV-0682-L-BF |
| COWART MULCH PRODUCTS, INC., | § § § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the District Court referred (1) Defendant Cowart Mulch Products, Inc.'s ("Cowart Mulch") Motion to Dismiss and (2) Plaintiff American Film & Printing, Ltd.'s ("American Film") Motion to Remand to the United States Magistrate Judge for a recommendation on the disposition of the motions. For the following reasons, the District Court should deny American Film's motion, grant Cowart Mulch's motion, and dismiss this action without prejudice.

### Background

American Film originally filed this action in the 249th District Court of Johnson County, Texas on December 23, 2014 alleging claims against Cowart Mulch for breach of contract and suit on a sworn account. *See* Rem. Not., Ex. A, Pl.'s First Am. Orig. Pet. According to its First Amended Original Petition and Request for Disclosure, which is the live pleading in this case, American Film is a Texas limited partnership in the business of printing and manufacturing flexible packaging for industrial production and consumer package goods, including packaging bags for

mulch. *Id.*, at 1, ¶ 3 & 2, ¶ 8. Cowart Mulch is a Georgia corporation that allegedly retained American Film to manufacture and print mulch bags at American Film's facility in Johnson County, Texas. *Id.* at 2-3, ¶ 8. According to American Film, it manufactured, printed, and shipped more than 750,000 mulch bags to Cowart Mulch in multiple shipments over the course of several months in 2013 and 2014. *Id.* at 3, ¶¶ 12-14; *see also id.*, Summ. of Unpaid Inv. at 1. Cowart Mulch allegedly accepted delivery of the bags, but failed to pay American Film's invoices in a total amount of $161,469.94. *Id.* at 3-4, ¶¶ 14, 17-18.

Asserting diversity jurisdiction, Cowart Mulch removed this action to federal court on March 2, 2015. At the same time, Cowart Mulch filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue to the United States District Court for the Northern District of Georgia, Atlanta Division. By its motion, Cowart Mulch contends that American Film has failed to allege sufficient facts to justify the court's exercise of personal jurisdiction and that it has not purposefully availed itself of the laws of Texas. American Film filed a motion to remand the case to state court and, subject to its motion, a response to Cowart Mulch's motion to dismiss. American Film contends that Cowart Mulch did not timely file its notice of removal or file all the appropriate papers with the state court necessary to effect removal. American Film further contends that removal is barred because the state court action had already proceeded to judgment. On the issue of personal jurisdiction, American Film contends that the exercise of specific personal jurisdiction is proper because Cowart Mulch purposefully engaged in business in Texas by entering into a business transaction with a Texas resident knowing the transaction would be performed in Texas and the claims asserted in this case arise out of that transaction. The issues have been fully briefed, and the motions are ripe for determination.

## Removal Jurisdiction

The court first considers whether Cowart Mulch properly removed this case to federal court. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587 (1999) (recognizing that, in most instances, district court should address alleged defects in subject matter jurisdiction before turning to issues of personal jurisdiction).

## Legal Standards

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. 28 U.S.C. § 1441(a). The removing party bears the burden of demonstrating both that federal jurisdiction exists and that the procedural requirements of the removal statute have been satisfied. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts as to the propriety of removal are construed in favor of remand. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## Analysis

American Film contends that the removal of this case was procedurally defective in that Cowart Mulch failed to timely file its notice of removal within thirty days of the date it served the Texas Secretary of State. Pl. Resp. at 1-2. Because Cowart Mulch is a nonresident that does not maintain either a regular place of business or a registered agent in Texas, American Film effected service by sending a copy of the citation and its amended petition to the Texas Secretary of State by certified mail. *See* TEX. CIV. PRAC. & REM. CODE §17.044(b).[1] The Secretary of State received these

---

[1] Section 17.044(b) of the Texas Civil Practice and Remedies Code provides:

> The secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.

Tex. Civ. Prac. & Rem. Code §17.044(b).

3

materials on January 26, 2015 and forwarded them to Coward Mulch on January 30, 2015. Pl.'s Resp. App., Ex. G. Cowart Mulch received the citation and American Film's amended petition on February 4, 2015. *Id.* It filed the notice of removal on March 2, 2015.

Title 28 U.S.C. § 1446 governs the procedure for a party to remove an action from state to federal court. Among other things, the statute requires that a defendant file a notice of removal within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based . . . ." 28 U.S.C. § 1446(b). This thirty-day deadline is a federal standard, governed by federal law. *See Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 705 (1972) ("While a state is free to establish such rules of practice for her own courts as she chooses, the federal removal statutes and United States Supreme Court decisions on removal are intended to have uniform nationwide application."). Contrary to American Film's assertion, service on the Secretary of State does not trigger the commencement of the time period for removal under federal law. *See Monterey Mushrooms, Inc. v. Hall*, 14 F. Supp. 2d 988, 991 (S.D. Tex. 1988). "Texas provisions for service of statutory agents do not constitute 'receipt by the defendant' for the purpose of beginning the thirty-day removal period." *Id.* (citing *Kurtz v. Harris*, 245 F. Supp. 752, 754 (S.D. Tex. 1965). Rather, the removal period begins when the defendant actually receives service. *Id.*; *see also Microtune, Inc. v. Big Shine Worldwide, Inc.*, No. 3:03-CV-726-K, 2004 WL 414901, at *2 (N.D. Tex. Feb. 11, 2004) (service on the Secretary of State is not sufficient to commence the time period for removal); *McCrary v. Kansas City So. R.R.*, 121 F. Supp. 2d 566, 570 (E.D. Tex. 2000) (same); *Fid. Funding, Inc. v. Pollution Research and Control Corp.*, No. 3:98-CV-1691-P, 1999 WL 20955, at * 2 (N.D. Tex. Jan. 7, 1999) (same).

Cowart Mulch actually received service on February 4, 2015, and it timely filed its notice of removal on March 2, 2015.

American Film also contends that removal was defective because Cowart Mulch failed to file with the state court a complete copy of the notice it filed with federal court. Pl. Resp. Br. at 3. American Film does not identify what was missing from Cowart Mulch's filing, but Cowart Mulch surmises that it might have been Exhibit A to the state court notice—a file-stamped copy of the federal court notice—which it admits was inadvertently omitted from the state court filing. Def. Reply at 4, n.1. Cowart Mulch remedied this omission on April 9, 2015 by refiling the state court notice with Exhibit A attached. *Id.*

The removal statute requires the defendant to file a copy of its removal notice with the state court promptly after the notice is filed in federal court. 28 U.S.C. § 1446(d). "The purpose of filing a copy of the removal petition with the state court 'is to inform the state district judge that he can no longer proceed with the case until the federal court decides whether it will retain jurisdiction or not.'" *Nixon v. Wheatley*, 368 F. Supp.2d 635, 640 (E.D. Tex. 2005) (quoting *Adair Pipeline Co. v. Pipeliners Local Union*, 203 F. Supp. 434, 437 (S.D. Tex. 1962)). A brief delay in filing a complete copy of the removal notice with the state court does not divest the federal court of jurisdiction. *See id.* Here, Cowart Mulch effected removal in a reasonably prompt manner. Even if the original state court filing was incomplete, Cowart Mulch corrected the omission less than six weeks later. Especially where, as here, the state court took no action in the case after removal, a short delay in filing a complete notice of removal in state court does not warrant remand. *See id.* (holding that thirty-six day delay in filing copy of notice of removal in state court did not necessitate

5

remand); *see also Calderon v. Pathmark Stores, Inc.*, 101 F. Supp. 2d 246, 246–47 (S.D. N.Y. 2000) (same result where delay was thirty-six days long).

American Film further contends that removal is improper because the state court rendered a default judgment against Cowart Mulch on February 26, 2015, prior to removal. Pl.'s Resp. App., Ex. D. However, entry of a default judgment by a state court does not prevent a defendant from removing a case to federal court. *See De La Pena v. Hill-Rom Co., Inc.*, No. SA-04-CA-0809-XR, 2004 WL 2538472, at *3 (W.D. Tex. Nov. 10, 2004). "Once a case is properly removed, the federal court maintains exclusive jurisdiction and may entertain a motion for relief from the state court default judgment under Rule 60(b)." *Id.* (citing CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 14C FEDERAL PRACTICE AND PROCEDURE § 3738 at 408 (1998)). Because American Film has not identified a reason to remand this case to state court, its motion should be denied.

## Personal Jurisdiction

The court next considers Cowart Mulch's arguments that this case should be dismissed for lack of personal jurisdiction.

### Legal Standards

The assumption of personal jurisdiction over a nonresident defendant in a diversity case involves a two-step inquiry. First, the nonresident defendant must be amenable to service of process under the forum state's long-arm statute. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). Second, the exercise of jurisdiction must comport with due process. *Id.* Because the Texas long-arm statute has been interpreted to extend as far as due process permits, the court limits its inquiry to whether the exercise of personal jurisdiction over the nonresident defendant comports with

federal constitutional due process requirements. *See Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003) (citing cases).

The due process requirements for exercising personal jurisdiction over a nonresident focus on whether the party has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted); *see also Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). "Minimum contacts" may be analyzed in terms of specific jurisdiction or general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993). Specific jurisdiction exists when the contacts with the forum state arise from, or are directly related to, the cause of action. *Wilson*, 20 F.3d at 647. General jurisdiction is proper when the nonresident defendant has other "continuous and systematic" contacts with the forum unrelated to the pending litigation. *Id.* If a nonresident defendant has sufficient minimum contacts with the forum state, the court must consider whether the exercise of personal jurisdiction would be "unfair" or "unreasonable." *See Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999).

The plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction. *See Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 14 (5th Cir. 1995). The court can make this determination without an evidentiary hearing based on the complaint, affidavits, and information obtained during discovery. *Colwell Realty Invs., Inc. v. Triple T Inns of Arizona, Inc.*, 785 F.2d 1330, 1333 (5th Cir. 1986). The uncontroverted allegations in the complaint must be taken as true and any conflicts in the evidence must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).

## Analysis

American Film tacitly concedes that Cowart Mulch does not have the type of "continuous and systematic" contacts with Texas necessary to establish general jurisdiction. Rather, American Film argues that the exercise of specific jurisdiction is proper because Cowart Mulch entered into a business transaction with a Texas resident knowing the transaction would be performed in Texas. Pl.'s Resp. at 4.

A federal court may assume specific jurisdiction over a nonresident who "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Electrosource, Inc. v. Horizon Battery Techns., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). To determine whether specific jurisdiction exists, a court must "examine the relationship among the defendant, the forum, and the litigation to determine whether maintaining the suit offends traditional notions of fair play and substantial justice." *Gundle Lining Constr. Corp. v. Adams Co. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996) (citing *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). The purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Electrosource*, 176 F.3d at 871-72 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). The contacts with the forum state must be such that "it is foreseeable that the defendant 'should reasonably anticipate being haled into court there.'" *Id.* at 872 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

American Film contends that all of its customers, including Cowart Mulch, are required to execute a standard form contract, entitled "General Terms and Conditions of Sale," prior to doing

8

business with it. Pl.'s Resp. App., Ex. A, Hanna Aff. at 1, ¶ 4; *Id.*, Ex. F, Clontz Aff. at 2, ¶ 3. Among other things, this form contains a provision in which the customer agrees that:

> [E]xclusive venue for any suit brought by American Film or [the customer] against the other arising from the transactions contemplated herein shall be the state or federal courts of Johnson County, Texas.

Pl.'s Resp. App., Ex. F, Clontz Aff., Tab 1 at 2. This forum-selection clause is mandatory. *See, e.g., Kevlin Servs.*, 46 F.3d at 14 (forum-selection clause was mandatory that stated "[t]he legal venue of this contract and any disputes arising from it shall be settled in Dallas County, Texas"). Thus, if Cowart Mulch executed American Film's standard contract, there is personal jurisdiction over Cowart Mulch. *See id.* at 15 (holding that mandatory forum-selection clause demonstrates a party's consent to jurisdiction in a specific forum, and courts generally enforce such consent).

Cowart Mulch denies that it executed American Film's standard form containing the mandatory forum-selection clause. Def. Br. at 8; Def. Mot., Cowart Aff. at 2, ¶¶ 4-7. On a motion to dismiss for lack of personal jurisdiction, conflicts in the evidence are resolved in favor of the plaintiff. *Bullion*, 895 F.2d at 217. But, here, the *evidence* is not in conflict. The parties agree that neither of them has a copy of an American Film standard form contract containing the key forum-selection provision executed by Cowart Mulch. Def. Mot., Cowart Aff. at 2, ¶¶ 5, 6; Pl.'s Resp. App., Ex. F, Clontz Aff. at 2, ¶ 6. American Film attempts to create a conflict by offering affidavit testimony from its sales manager Ken Clontz that he is "certain" that he followed "standard operating procedure" and ensured that "a representative" of Cowart Mulch executed the standard form contract "prior to authorizing the manufacture" of Cowart Mulch's mulch bags. Def. Mot., Cowart Aff. at 2, ¶¶ 5, 6. However, Clontz's assertions are not supported by any specific facts that

9

would establish his personal knowledge that an authorized representative of Cowart Mulch actually signed the standard form contract.

Notably, Clontz offers no specific facts regarding the date or the identity of the Cowart Mulch representative who allegedly executed the contract. *See* Pl.'s Resp. App., Ex. F, Clontz Aff. at 2, ¶ 6. Nor does he provide any specific testimony that he presented a standard form contract to Cowart Mulch for execution. *See id.* Affidavit testimony that is not based on personal knowledge is not competent evidence. *Source Network Sales & Marketing, LLC v. Ningbo Desa Elec. Mfg. Co., Ltd.*, No. 3:14-CV-1108-G, 2015 WL 2341063, at *9 (N.D. Tex. May 15, 2015) (citing *Thompson v. Chambers*, 804 F. Supp. 188, 191 (D. Kan. 1992) ("[T]o be sufficient to put the contested facts in issue, affidavits submitted in support of or in opposition to motions to dismiss for lack of jurisdiction must comply with the requirements of Fed. R. Civ. P. 56 [(c)(4) ]; *i.e.*, they must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein.") and FED. R. EVID. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.")). Because there is no competent evidence that Cowart Mulch executed a contract containing a mandatory forum-selection clause, the alleged contract does not establish a basis for the exercise of personal jurisdiction. The court therefore continues with its analysis of Cowart Mulch's contacts with Texas and this litigation.

American Film has submitted evidence that establishes that it began doing business with Cowart Mulch in 2012. Pl.'s Resp. App., Ex. F, Clontz Aff. at 2, ¶ 6. Over the course of three years, representatives of Cowart Mulch sent frequent emails and made numerous phone calls to American Film's sales manager at his office in Alvarado, Texas. *Id.* at 2-3, ¶¶ 7, 8. Cowart Mulch also

10

prepared and sent approximately 20 purchase orders to American Film in Texas. *Id.* at 3, ¶ 9. American Film manufactured mulch bags for American Film at its facility in Texas and shipped the bags to Cowart Mulch from Texas. *Id.*, ¶¶ 10-11. Cowart Mulch allegedly paid some, but not all, of American Film's invoices by mailing checks to American Film in Texas. *Id.*, Ex. F, Clontz Aff. at 3, ¶ 12 & Tab 6. American Film also contends that, according to industry custom, Cowart Mulch took title to the bags in Texas. *Id.*, Ex. A, Hanna Aff. at 2, ¶ 6.

Whether taken separately or together, these alleged contacts are insufficient to justify the exercise of personal jurisdiction over Cowart Mulch. It is undisputed that Cowart Mulch has no contacts with Texas, other than the fortuitous act of engaging in business with a Texas resident. It is well-established that "merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction." *Freudensprung v. Offshore Techn. Serve., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004) (quoting *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986)) (combination of mailing payments to the forum state, engaging in communications related to the execution and performance of a contract, and the existence of a contract between a nonresident defendant and a resident of the forum are insufficient to establish minimum contacts). The communications between the parties related to their business arrangements do not support the exercise of specific jurisdiction. *See Moncrief Oil Intern. Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007) (citing *Holt Oil*, 801 F.2d at 778) ("An exchange of communications in the course of developing and carrying out a contract [ ] does not, by itself, constitute the required purposeful availment of the benefits and protections of Texas law."). Nor does the fact that American Film allegedly performed its business obligations in Texas. *Moncrief Oil*, 481 F.3d at 313 (holding that plaintiff's Texas location was "irrelevant" and did not establish minimum contacts where there was

"no indication that the location of [plaintiff's] performance mattered"); *see also Int'l Demographics, Inc. v. SF Newspaper Co.*, No. H-06-0342, 2006 WL 1897042, at *13 (S.D. Tex. July 10, 2006), *aff'd*, 230 F. App'x 465 (5th Cir. 2007) (holding that fact that Texas resident performs its contractual obligations in Texas does not create jurisdiction over nonresident party in Texas). And, because jurisdiction does not depend on the technicalities of when title passes, the fact that title to the mulch bags may have passed to Cowart Mulch in Texas does not change the result. *See Oswalt v. Scripto, Inc.*, 616 F.2d 191, 197 n. 8 (5th Cir. 1980); *medQ, Inc. v. Highfield Open MRI, Inc.*, No. 3:07-CV-0949-BD, 2007 WL 2726596, at *3 (N.D. Tex. Sept. 18, 2007). Additionally, there is evidence that Cowart Mulch's contacts with American Film were, at least initially, through a sales representative located in Georgia and Tennessee. Def. Mot., Cowart Aff. at 3, ¶ 8. This evidence weighs against the exercise of jurisdiction by a Texas court. *Int'l Demographics*, 2006 WL 1897042, at *13. American Film has thus failed to meet its burden of establishing that Cowart Mulch has sufficient minimum contacts with Texas necessary to justify the court's exercise of personal jurisdiction. Accordingly, the District Court should grant Cowart Mulch's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2).[2]

## RECOMMENDATION

The District Court should DENY Plaintiff American Film's Motion to Remand (Doc. 6), GRANT Defendant Cowart Mulch's Motion to Dismiss (Doc. 2), and DISMISS this action without prejudice for lack of personal jurisdiction.

---

[2] Because this case should be dismissed for lack of personal jurisdiction, the court does not reach Cowart Mulch's alternative arguments that venue is not proper in the Northern District of Texas or that the case should be transferred under 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Georgia, Atlanta Division.

SO RECOMMENDED, July 16, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).